FILED
AUG 1 5 2008
Aug 15, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHARLES R. PIVONEY,<br><br>    Plaintiff<br><br>v.<br><br>RETIREMENT BOARD- CHICAGO<br>NEWSPAPER PUBLISHERS DRIVERS'<br>UNION PENSION PLAN,<br> as PLAN ADMINISTRATOR<br><br>    Defendant. | 08CV4651<br>JUDGE LEFKOW<br>MAG. JUDGE COX |

### ERISA COMPLAINT-CIVIL ENFORCEMENT

CHARLES R. PIVONEY, by Storto & Finn, his attorney, shows this Court that:

1. This is a civil enforcement brought pursuant to ERISA § 502(a), 29 U.S.C. § 1132(a). This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

2. Venue is proper in this distrcit pursuasnt to ERISA § 502(e)(2), 29 U.S.C. § 1132 (e)(2), as the breach upon which this suit is predicated occured in this judicial district, Plaintiff's damages occurred in this district, and/or because the Pension Plan in question may be found in this judicial district.

3. Plaintiff, CHARLES R. PIVONEY, is an individual, citizen, and resident of the State of Illinois, residing at 500 North Walnut Street in Elmhurst, IL 60126. Plaintiff is also a "participant" as defined in 29 U.S.C. § 1002 (7).

4. Defendant is a Pension Plan Administrator located at 6650 N. Northwest Highway in Chicago, IL 60631. Defendant provides pension payments to employees of The Chicago Sun-Times and is a "defined benefit plan" within the meaning of the Employment Retirement Income Security Act, (ERISA) § 3 (35), 29 U.S.C. § 1002(35).

5. Plaintiff was employed for The Chicago Sun-Times Company for forty-eight (48) consecutive years.

6. Plaintiff was a Driver with the Chicago Sun-Times from 1959 until 1992 when he was promoted to Division Manager. Plaintiff worked as a Division Manager from 1992 until retiring in 2008 .

7. Plaintiff did not apply for or request this promotion, but was instead offered the position wholly by The Chicago Sun-Times.

8. Plaintiff accepted the promotion and continued to pay monthly dues to maintain his good status with the Local 706 Union, The Newspaper Deliver Driver's Union, from 1993 until he retired in 2008.

9. Upon accepting the promotion to Division Manager, Plaintiff consulted Mr. Tony J. Judge Sr., the Vice Chairman of the CHICAGO NEWSPAPER PUBLISHERS DRIVERS' PENSION PLAN Board regarding his retirement benefits. This conversation was witnessed by Mr. Anthony J. Judge Jr. and the late Mr. Joseph Tobin.

10. Plaintiff consulted with Mr. Judge Sr. in 1992 to inquire if he needed to make any necessary changes with the CHICAGO NEWSPAPER PUBLISHERS DRIVERS' PENSION PLAN Board as a result of his promotion from driver to Division Manager.

11. Mr. Judge Sr. informed Plaintiff that he was not required to make any

changes with the Pension Board as a result of his thirty-two (32) years of service as a driver.

12. This led Plaintiff to rely to his detriment and believe that he would be entitled to pension benefits reflecting those of the year in which he retired from the position as Division Manager.

13. At no time during their 1992 meeting did Mr. Judge Sr. tell Plaintiff that he would only be entitled to the 1992 pension rate regardless of when he retired from the position as Division Manager. Nor did Mr. Judge Sr. advise Plaintiff to request his pension and collect the respective payments.

14. Plaintiff did not request his pension after consulting with Mr. Judge Sr. as he instead relied to his detriment and believed that he would be entitled to a higher pension rate than the 1992 rate once he retired from the position of Division Manager.

15. Plaintiff worked as a Division Manager from 1992 until 2008. For those sixteen years, Plaintiff did not receive any payments from CHICAGO NEWSPAPER PUBLISHERS DRIVERS' PENSION PLAN. However, Plaintiff did pay monthly union dues to and maintained good standing with the Local 706 Union, The Newspaper Drivers' Union.

16. In 2008, Plaintiff retired and sought to receive his pension benefits at the 2008 rate.

17. Upon requesting his full 2008 pension benefits for his forty-eight (48) consecutive years of service, Plaintiff was informed that he was only entitled to pension benefits respective to the 1992 rate. This meant that Plaintiff would only receive the 1992 rate of $1,100 per month opposed to the 2008 rate of $3,300 per month.

18. Plaintiff then informed the CHICAGO NEWSPAPER PUBLISHERS DRIVERS' PENSION PLAN Board that he, like many of his co-workers, was even willing to work an additional seventy-four (74) days as a driver if that would secure him a pension increase or "bump" as it was commonly referred to among Drivers and Division Managers.

19. Despite the fact that Plaintiff knew of other Division managers who were allowed to work the additional seventy-four (74) shifts and receive the "bump", his request to do the same was ultimately denied.

20. Plaintiff then exhausted his administrative remedies by seeking a review of the Pension Board's denial of benefits.

21. On appeal, the CHICAGO NEWSPAPER PUBLISHERS DRIVERS' PENSION PLAN Board rendered the same ruling and notified Plaintiff that despite his forty-eight (48) years of consecutive service, he was merely entitled to the 1992 rate or a pension rate for his first 32 years of service.

22. Plaintiff, believing there had been a discriminatory application of the pension benefits, filed this complaint seeking injunctive relief pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), in the form of a declaration that Defendant's method of computing Plaintiff's pension benefits was and is erroneous and a court order requiring Defendant to recalculate his pension benefits.

WHEREFORE, Plaintiff, CHARLES R PIVONEY, respectfully prays:

    A. For either his 1992 rate monthly pension benefits from the time of his promotion in 1992 until the present day; or

B.  For a retirement benefit rate the 2008 payment rate opposed to the lesser 1992 rate; and

C.  That the RETIREMENT BOARD-CHICAGO NEWSPAPER PUBLISHERS DRIVERS' PENSION PLAN to be required to pay reasonable attorney's fees and costs; and

D.  For any such relief as may be appropriate and equitable.

Respectfully Submitted,

STORTO & FINN

By: _____

*Joseph P. Storto*

**Attorney for Plaintiff**

_____

*Charles R. Pivoney*

*Plaintiff*

**STORTO & FINN**
100 West Green Street
Bensenville, Illinois 60106
(630) 860-5520
(630) 860-0014 (Fax)
Attorney No.: 69708

## UNITES STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

### CERTIFICATION BY VERIFICATION

Under penalties as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief, and as to such matters, the undersigned certifies as aforesaid that the undersigned verily believes the same to be true.

*Charles R. Pivoney*

**Charles R. Pivoney**

*Plaintiff*

**STORTO & FINN**
100 West Green Street
Bensenville, Illinois 60106
(630) 860-5520
(630) 860-0014 (Fax)
Attorney No.: 69708

## AFFIDAVIT OF PLAINTIFF, CHARLES R. PIVONEY

I, CHARLES R. PIVONEY, being duly sworn on oath, do hereby state and aver as follows:

1. I am the PLAINTIFF in the above-referenced ERISA Complaint now pending in the United States District Court for the Northern District of Illinois Eastern Division.

2. I worked for the Chicago Sun-Times consecutively for the last forty-eight (48) years as a driver from 1959 until 1992 and then as a Division Manger from 1992 until 2008.

3. That I did not apply for or request the promotion from driver to Division Manager, but instead was offered the promotion by The Chicago Sun-Times.

4. That after accepting the promotion in 1992, I had a conversation with Mr. Anthony J. Judge Sr. where he informed me that I did not need to make any changes with the pension board and that I detrimentally relied upon that conversation with Mr. Judge Sr.

as it led me to believe that I would receive a pension rate respective to the year in which I retired from my position as Division Manager.

5. That from 1992 until 2008 I did not receive any pension payments but still continued to pay monthly dues to and maintained good standing with the Local 706 Union, The Newspaper Delivery Driver's Union.

6. That had I known that, regardless of when I retired, I would be forced to accept a pension at the 1992 rate, I would have found alternative employment and collected pension benefits and payments from 1992 until the present day.

7. If I were called to testify, my testimony would be the same as herein.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Charles R. Pivoney

*Plaintiff*

SWORN and SUBSCRIBED to before me on

August 7, 2008.

_____
Notary Public

OFFICIAL SEAL
DEANNA C. ROSINSKI
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 9-14-2010

**STORTO & FINN**
100 West Green Street
Bensenville, Illinois 60106
(630) 860-5520
(630) 860-0014 (Fax)
Attorney No.: 69708



# EXHIBIT A



Charles R. Pivoney
500 N. Walnut
Elmhurst, IL 60126
(630) 941-0341

January 3, 2008

Chicago Newspaper Drivers Pension Fund
6650 N. Northwest Hwy, Suite 215
Chicago, IL 60631

Dear Pension Board Members,

I am writing to you requesting a full pension at the rate that is in effect January 2008, as opposed to the 1992 rate that I was recently told I would receive. In May 1992, I became Division Manager at the Chicago Sun-Times. At that time, I went to the union local office to speak with Tony Judge Sr. to inquire what, if anything, I needed to do regarding my position change. He told me I did not have to do anything because I had 32 years as a driver and my pension would be paid without needing to drive the extra days. I understood that I would not have to drive the extra days to receive the upgraded pension. I believe I am entitled to this benefit due to 32 years as a driver with 48 continuous years holding a Local 706 Union card as a member in good standing and for the last 15 years having paid dues while receiving no apparent benefit except to retain the pension upgrade. I presume I am in a unique situation in the respect that I am the only Division Manager to have over 30 years driving service. If I was not entitled to the upgrade, I believe I should have been informed of the pension freeze or collected $1,100.00 per month since 1992. If necessary, I would be willing to go back on the truck to put in the time as others are doing to receive the full pension at the current rate. I feel I deserve the current pension and would appreciate your consideration in this matter.

Respectfully yours,


Charles R. Pivoney

# CHICAGO NEWSPAPER PUBLISHERS' DRIVERS
# UNION PENSION ADMINISTRATIVE BOARD

6650 NORTH NORTHWEST HIGHWAY   SUITE 215
CHICAGO, ILLINOIS 60631
TELEPHONE (773) 763-6651
FAX (773) 763-6284

February 11, 2008

Mr. Charles R. Pivoney
500 N. Walnut
Elmhurst, IL 60126

Dear Mr. Pivoney:

You wrote to the Pension Fund office "requesting a full pension at the rate that is in effect January 2008, as opposed to the 1992 rate that (you) were recently told (you) would receive." You then called this office and requested application forms in order to apply for your pension. Those forms were mailed to you on January 15, 2008. We will process your pension application as soon as the completed forms, and necessary documentation, are received.

When you terminate employment with the Chicago Sun-Times, and apply for a pension, we do not believe you will be entitled to a pension at the benefit rate in effect on January 2008 because the Plan did not so provide when you became a Division Man in 1992. The Vesting Letter sent to you on August 11, 1992, states that "Sections 4.2, 5.2 and 5.6 of the Plan indicate that you will be eligible to receive an unreduced pension, at the rate in effect at the time you left covered employment as a driver, when you terminate employment, in any capacity, with a participating employer."

Because we have made a determination that you will be eligible to receive a lesser benefit than that which you believe you are entitled to, we are making you aware of your appeal rights described below. However, you may wish to submit your application and have it processed before appealing the determination described in this letter. You will also be entitled to appeal the Fund's action with respect to your pension application.

You have the right to appeal this benefit determination. An appeal must be filed in writing and received by the Pension Fund within 60 days of the date you receive this letter (180 days for a disability benefit). You are entitled to be represented, at your own expense, by another person in connection with an appeal. You or your authorized representative are also permitted to review pertinent Plan documents and to submit issues and comments in writing. The Trustees will make a full review of your claim and will provide you with written notice of the outcome of their review. Please see the Plan's Claim and Appeal

-2-

Procedures for full details on the appeal process. Also, please be advised that Section 502(a) of ERISA provides that a participant or beneficiary of an employee benefit plan may file suit to recover benefits due under the terms of the plan, to enforce the terms of the plan or to clarify the person's right to future benefits under the plan.

Very truly yours,

PENSION ADMINISTRATIVE BOARD

*[signature]*

Tony J. Judge, Vice Chairman

TJJ:ac

# STORTO & FINN
### ATTORNEYS AT LAW
100 WEST GREEN STREET
BENSENVILLE, ILLINOIS 60106
TELEPHONE (630) 860-5520   FACSIMILE (630) 860-0014
WWW.STORTOFINN.COM
SFLAW1@AIM.COM

JOSEPH P. STORTO
LAWRENCE E. FINN

DEANNA C. ROSINSKI

JOSEPH P. STORTO
Direct Email
willyjoes@aol.com

March 27, 2008

Chicago Newspaper Publishers
Drivers Union Pension Administrative Board
6650 N. Northwest Highway, Suite 215
Chicago, IL 60631

**Attn: Mr. Tony J. Judge**
   **Vice Chairman**

**RE: Chuck Pivoney Pension Benefits**

Dear Mr. Judge:

Please be advised I represent Chuck Pivoney on the above-captioned matter. I enclosed my client's authorization to represent him in the appeal process. Please accept this letter as a notice to appeal the denial of his 2008 pension benefit.

The position of his work history begins November 2, 1959 to 1992, 32 years as a driver and beginning in 1992 to 2008 as a manager for 16 years.

My client had 32 years with the Union as of 1992 when the rule for retiring became "30 years and out no matter what age." Since 1992 he worked as a manager until January 2008. He qualified for the full pension in 1992 so when he retired in 2008, he would be entitled to 2008 pension benefits, no questions asked, you would believe that should be the rule.

My client is a really unique employee case, since we believe he is possibly the only person in the union with 30 plus years as a driver and 16 years as a manager. So if you would agree to give him the 2008 pension benefits it would not be setting a precedent that would adversely affect the finances of the pension assets according to the pension plan, he would be eligible for full benefits.

Page Two
Chicago Newspaper Publishers
Drivers Union Pension Administrative Board
March 27, 2008

When he became manager in 1992 he was told by Tony Judge, Sr., and in attendance was Joe Tobin and Tony Judge, Jr., he would never have to drive the additional 74 days to get the better pension that would exist at his future retirement date, whenever that would be in the future.

Furthermore, by not collecting pension in 1992, my client had more money withheld than the drivers had contributed by the company, thus severely affecting my client adversely in dollars and cents and thereby prejudicial to his earned pension.

Please advise if we can amicably agree to awarding such an honorable employee with 48 years of humble service with the pension he truly deserves and we would maintain confidentiality with the agreement between the parties.

Should you have any further questions before making your decision, please let me know and I would obtain any other information needed to make a fair and equitable decision.

Thank you in advance for your anticipated cooperation in reaching an amicable settlement.

Sincerely,

STORTO & FINN

*Joseph P. Storto*
Attorney at Law

JPS/lss

cc **Chuck Pivoney**

Enclosure: Authorization

# CHICAGO NEWSPAPER PUBLISHERS' DRIVERS UNION PENSION ADMINISTRATIVE BOARD

435 NORTH MICHIGAN AVENUE
CHICAGO, ILLINOIS 60611
TELEPHONE (312) 236-6651

Mailing Address:      P. O. Box 802048
                      Chicago, Illinois 60680-2048

August 11, 1992

Mr. Charles Pivoney
500 North Walnut
Elmhurst, Illinois  60126

Dear Mr. Pivoney:

It has come to the attention of the Pension Administrative Board that you have left covered employment as a driver with a participating employer effective June 1, 1992.

The records of the Trust indicate that you have 31 years and 10 months of benefit service under this Plan as of January 1, 1992. Sections 4.2, 5.2 and 5.6 of the Plan indicate that you will be eligible to receive an unreduced pension, at the rate in effect at the time you left covered employment as a driver, when you terminate employment, in any capacity, with a participating employer.

To begin receiving this monthly pension, a pension application form will have to be filled out. Please send a request for an application form sometime in the thirty to sixty day period before you terminate employment, so that your pension payments can begin the month after you terminate employment with a participating employer.

If you are single when the application is submitted, you will receive a pension in the amount of $1,100.00 per month for so long as you live with five years of payments guaranteed to you or your designated beneficiary.

If you are married when the application is submitted, an optional benefit selection form will be sent from which you may, with the consent of your spouse, choose the benefit shown above, a 50% joint and survivor annuity, or a 100% joint and survivor annuity. The 50% joint and survivor annuity provides an actuarially reduced pension during your lifetime, and one-half of that reduced pension to your spouse if she survives you for so long as she lives. The 100% joint and survivor annuity works in the same way, except that reduction of your pension is greater, but the full amount of your reduced pension is paid to

458

-2-

your surviving spouse for so long as she lives. If you do not select an optional benefit, your benefit will be paid in the 50% joint and survivor annuity form.

Please be sure to request a pension application form sometime in the thirty to sixty day period before you terminate employment, as we may have no way of knowing what your address is at that time.

Sincerely,

PENSION ADMINISTRATIVE BOARD

By *William O. Howe*
William O. Howe, Chairman

By *Tony Judge*
Tony Judge, Vice Chairman

NOTE:   Keep this letter with your important papers.